## BODEMÜLLER *v.* UNITED STATES. ·

*(District Court, W. D. Louisiana. January, 1889.)*

1. CLAIMS AGAINST UNITED STATES — FRENCH SPOLIATION — TO WHOM ACTION ACCRUES.

   A claim of a citizen of France against the United States for cotton taken during the civil war was, under a treaty between the two nations, submitted to a commission for adjudication, by his widow and administratrix. The commission found and reported the sum due, but withheld one-sixth of the amount for the reason that one of the three heirs of the claimant was an American citizen, whereupon the heir sued the United States for her portion so withheld. *Held*, that plaintiff had no cause of action, as, if any existed, it accrued to the administratrix.

2. SAME—WHEN FRENCH GOVERNMENT NOT LIABLE.

   The cause of action for such demand is not against the French government, as it received no money under the award for plaintiff's benefit.

3. SAME—JURISDICTION OF DISTRICT COURT.

   After the commission had passed upon the claim it was no longer a "war claim," and the district court has jurisdiction of an action for its recovery.

4. SAME—AWARD OF COMMISSION—RES ADJUDICATA.

   The award does not render the plaintiff's demand *res adjudicata,* as her cause of action was never submitted to the commission.

At Law.

Action by Rosalie E. Bodemüller against the United States, for money alleged to be due her as one of the heirs of her father's succession.

*Alex. Porter Morse, Henry L. Garland, L. Dupre,* and *George A. King,* for plaintiff.

*M. S. Jones,* Dist. Atty.

BOARMAN, J. This case was submitted in pursuance of the act March 3, 1888, which provides for suits against the government in certain cases. The facts show as follows: Jean Prevot, at the time of his death in Louisiana, was a French citizen. He left a widow, born in France, and three children, born in Louisiana. When he died he had a claim against the United States for $4,695.94. In 1884, the widow, Teressa Prevot, was appointed in the probate court of Louisiana, and qualified as administratrix of the deceased husband's succession. Among the property of the deceased was inventoried the claim of $4,695.94 against the government. The administratrix successfully prosecuted said claim before the French-American commission, which was provided for in a treaty made in 1880 between the United States and the French republic. That commission, composed as it was of one citizen of France, one of Brazil, and one of the United States, in passing upon said claim, made the following award:

"We allow the claim at the sum of $2,020.94. Mrs. Bodemüller's husband appears to have been naturalized, to have voted, and held office, and we think was an American citizen. As her nationality follows that of her husband, we have deducted one-sixth of the sum otherwise allowed, leaving $2,020.94, allowed as above; the $2,020.94 bearing interest at 5 per cent. from May 1, 1863. Signed," etc.

Mrs. Bodemüller, plaintiff in this suit, is now a widow, and is one of the three children of the deceased Jean Prevot. Her husband, at the time of the award, was a naturalized citizen of the United States. Jean Prevot's claim was for cotton taken from him during the war. On his claim of $4,695.94 the sum of $2,425.15 was allowed as due him by the government. From this sum $404.18—one-sixth of the whole amount allowed by the commission—was deducted, because, as the commission said, one of the three heirs of Jean Prevot—the plaintiff, Mrs. Bodemüller—had married a citizen of the United States. The sum, $2,020, which was left after said deduction, was paid to the administratrix. Neither of the parents of the plaintiff herein were naturalized citizens. On this statement of facts the government denies the jurisdiction of the court, on the following grounds: (1) Because plaintiff now sues on a claim growing out of the late civil war,—the claim being one known as a "war claim;" (2) because the claim sued on has been rejected by a commission having jurisdiction to hear and finally determine such claims; (3) because the action of the plaintiff, if she has any action, is against the French government.

The claim successfully prosecuted by the administratrix for Prevot's succession, was, before it was liquidated and allowed by the commission, a "war claim;" but it is by no means clear that the cause of action now presented by the plaintiff is inherent in a war claim. Historically it may be said to have grown out of such a claim, but proximately her demand will be sustained or denied in accordance with the view the court may have as to the action and jurisdictional power of the commission in deducting one-sixth of the amount allowed the succession in this award herein stated, because the plaintiff, Mrs. Bodemüller, one of the heirs to the succession, was not, because of her marriage to a naturalized citizen, entitled to her share of the amount found to be due by the government to said succession. This suggestion as to the cause of action shown in plaintiff's petition is supported by the fact that the court in disposing of her suit on its merits will not be called on under any decision it may make to hear evidence of any kind touching the origin, right, or value of the claim or debt which the government incurred in favor of the French citizen, Jean Prevot, by taking his cotton during the war. The cause of action, as shown by the petition, grows out of, or is inherent in, the fact established by the finding of the commission, that defendant wrongfully withholds from this plaintiff a sum of money awarded to the succession of her deceased father. The claim, so long as it remained in an unliquidated condition, was a "war claim," growing out of the war; but the obligation now sought to be judicially enforced against the government is for a sum of money the recovery of which cannot be said to depend in

any way on the validity or invalidity of a "war claim." The creditor in whose favor the obligation was incurred by the government will recover, if at all, in this suit because of the unauthorized acts of the commission who liquidated Prevot's claim, in causing the government, against whom their award was made in favor of Prevot's succession, to withhold a part of the award.

The power of the commission in deducting the sum which in their opinion belonged to Mrs. Bodemüller as one of the three heirs of the deceased was of the highest judicial kind. . Granting that congress did not exceed its constitutional power in vesting the commission, composed as it was of two subjects of foreign governments, with such judicial power as would authorize it to interpret and give judicial effect to the domestic or probate laws of Louisiana in the distribution of money paid or to be paid to Prevot's succession, it does not appear that the plaintiff in this suit ever submitted her cause of action upon which she now makes her demand. It cannot be said that plaintiff in her capacity as one of the three heirs to her father's succession was so represented by the administratrix as to make the commission's award, and the unwarranted deduction made by it on the sum allowed to the succession, *res adjudicata* as to her.

The cause of action set up in this suit, in whomsoever it may prove to be, is not against the French republic, to whom it is not shown that any money was paid by the United States for the plaintiff herein.

Having overruled the exceptions to the jurisdiction, as well as the exceptions of a peremptory kind filed by the defendant, the court, in its own observation, finds, in considering the merits of the suit, an objection to the right of Mrs. Bodemüller, the plaintiff herein, to recover the amount or any sum now withheld by the government in pursuance of the commission's award. This objection, though it does not come in the way of a peremptory exception, must be considered. It is in the fact that the debt incurred by the government in favor of the French citizen Prevot became at his death an asset of the succession which could be administered by, or paid only to, the administratrix of Prevot's succession, under the laws of Louisiana. The commission, under the treaty, had ample powers to hear and determine the claim made before it by the succession. It had ample powers to make the award in favor of or against the succession. But, conceding to the commission, under the treaty, judicial powers commensurate with those vested by congress in the circuit courts of the United States, it does not follow that the commission did have or would have jurisdictional power to withhold from the succession of Jean Prevot the full amount due by the government at the time of his death. If the circuit court had been employed in judicially determining the cause of action presented by the administratrix to the commission, it could not, under the pleadings and issues tendered in that case, have given judgment against the government for a sum less than the amount due to the succession, and no part of it could have been withheld from the succession on the ground that one of the heirs to the succession had married a naturalized citizen. The administratrix, in

her suit before the commission, recovered for the benefit of the succession, to which the whole sum allowed in the award was due. If the government now withholds any part of the sum declared by the commission to be due to the succession, that sum, whatever it is, may be now recoverable by the succession. The cause of action for its recovery, if there is any such cause, in the absence of any pleading or proof showing the right of plaintiff, an heir to the said succession, to bring this suit for herself under the succession laws of Louisiana, still remains in the administratrix of the succession. It does not appear that the plaintiff, as the case is now presented, has in herself any cause of action against the defendant. The suit, for the reason stated, will be dismissed.